IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| LUTHER S. PATE, IV | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | NO: 4:09CV00371 SWW |
| GEFF YIELDING, ET AL. | * | |
| | * | |
| Defendants | * | |

**ORDER**

Before the Court is Plaintiff Luther Pate's motion for access to materials delivered by Wild Flavors (docket entry #98), a response in opposition by Defendants Geff Yielding, Vespa Holdings, Inc. and Vespa Beverages, LLC (docket entry #99), and Plaintiff's reply (docket entry #100). After careful consideration, and for reasons that follow, Plaintiff's motion will be *granted in part* as provided in this order, and the motion shall remain pending as to whether Plaintiff shall have access to the material sought for "all business activities of Vespa Beverages LLC." Defendants may supplement their response in accordance with Local Rule 7.2 and Fed. R. Civ. P. 6.

**I.**

In a status report filed July 10, 2009 (docket entry #97), Plaintiff reports that Hardy Bottling Company in Memphis, Tennessee is unable to complete production of 16 ounce Killer Buzz energy drink due to onsite flooding. Plaintiff states: "The earliest Hardy Bottling could

can that product was July 23 given its present condition and scheduling issues. Therefore, Plaintiff has contracted with a Jacksonville, Florida bottler who can produce the product by July 13." Docket entry #97, at 2.

On July 13, 2009, Plaintiff filed a motion "for access to material delivered by Wild Flavors" (docket entry #98). Plaintiff states that in order for the Florida bottler to produce the 16 ounce Killer Buzz drink now on order, the bottler must have certain information about the Killer Buzz formula, which is currently in the hands of Wild Flavors, Inc., a company located in Dallas Texas.

Plaintiff states that, based on the contents of a letter from Yielding's counsel, Wild Flavors, Inc. has refused to deliver the requested information to Eric Fowler, CEO of Vespa Beverages, LLC, and insists that it will only release the information directly to the Court. Plaintiff states that Fowler "urgently needs the requested information" for "purposes of this week's Killer Buzz production run and for all business activities of Vespa Beverages LLC." Plaintiff further requests that the Court decide his motion on an expedited basis.

Also on July 13, 2009, the Court received a facsimile communication from Wild Flavors, Inc., stating as follows:

> Please find enclosed the Manufacturing Instructions for the Product manufactured by Vespa Beverages, Inc that is at issue in [*Pate v. Yielding, et al.*, No. 4:09CV00371 SWW]. WILD Flavors, Inc. ("WILD") hereby respectfully requests your assistance in sending the Manufacturing Instructions to the correct person(s) in order to ensure compliance with your May 29, 2009 Order. WILD is neither a party nor involved in this action in any way.

Defendants Yielding, Vespa Holdings, Inc., and Vespa Beverages LLC filed a response objecting to Plaintiff's request for an expedited decision, stating that they require more time to

prepare a detailed response. Defendants contend that the relief requested would violate the Court's order entered May 29, 2009, "and constitute an effective amendment of the order, which the Court does not have jurisdiction to do." Docket entry #99, at 2. According to Defendants, the notice of appeal from the Court's entry of a preliminary injunction divests the court of jurisdiction to grant Plaintiff's motion. Defendants further assert that "Pate's request is for the Court to release patented formula information to a person, who has not previously had access to the same because of its highly confidential nature, so that he can funnel it to some unknown corporation." Defendants argue that release of the formula could carry severe consequences to Vespa Holdings, Inc. and Vespa Beverages, LLC.

On July 14, 2009, Plaintiff filed a reply, asserting that there is no basis for Defendants' claim that the Killer Buzz formula is patented, and there is no recipe for Killer Buzz registered with the U.S. Patent and Trademark Office. Additionally, Plaintiff submits a copy of an asset purchase agreement between Vespa Beverages LLC and others, agreeing that Vespa Beverages LLC would acquire "trade secrets, to wit: the Killer Buzz recipe and the Killer Buzz mixing instructions which shall be delivered to the Buyer at Closing . . . . " Docket entry #100, Ex. A.

## II.

The Court retains jurisdiction pending appeal to supervise the continuing course of conduct among the parties and to enforce the preliminary injunction, which has not been stayed. *See In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375-76 (8th Cir. 1996); *see also* Fed. R. Civ. P. 62(c)(authorizing a district court to suspend, modify, restore, or grant an injunction during the pendency of an appeal from an order granting an injunction).

Here, the Court finds that the expedited relief requested is necessary to retain the status

quo and will be granted with the provision that Plaintiff is ordered to take all reasonable steps to ensure that the information sought will be used solely for the following purpose stated in Plaintiffs' motion: "for purposes of this week's Killer Buzz production." Plaintiff also seeks access to the information "for all business activities of Vespa Beverages, LLC." However, in light of Defendants' request for more time to file an additional response, the Court declines to grant Plaintiff access to the information "for all business activities of Vespa Beverages, LLC" at this time.

> The preliminary injunction entered May 29, 2009 states in part as follows:
>
> Defendant Geff Yielding is directed to cooperate fully with Plaintiff, Eric Fowler, and their agents during this interim period. The object of the preliminary injunction is to preserve the business potential and assets of Vespa Holdings, Inc. and Vespa Beverages, LLC, which will benefit all shareholders, including Yielding (if he remains a shareholder).
>
> *Defendant Geff Yielding is ordered to turn over to Plaintiff all books and records necessary for the operation of Vespa Holdings, Inc. and Vespa Beverages, LLC*, including employee records. Such records shall remain confidential, in accordance with prudent business practices.

Docket entry #30, at 11-12 (emphasis added). In accordance with the foregoing, Defendant Yielding must make the information sought available to Plaintiff. Furthermore, the preliminary injunction not only binds the parties but also those in privity with them, who receive actual notice of the court's order. *See* Fed. R. Civ. P. 65(d), *see also Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14, 65 S. Ct. 478, 481 (1981).

### III.

Finally, by order entered July 9, 2009, the Court instructed the parties that requests for relief must be made by written motion, filed with the Clerk. The Court stated: "The Court will

not respond to letters and faxes." Docket entry #54. Nor will the Court serve as an intermediary between nonparties and parties or respond to letters and faxes from nonparties. **Any request for Court action must come in the form of a written motion filed with the Clerk**.

**IV.**

For the reasons stated, Plaintiff's motion for access to material (docket entry #98) is GRANTED IN PART as specified in this order. The Clerk is advised that the motion remains pending.

IT IS SO ORDERED THIS 15th DAY OF JULY, 2009.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE